Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50249 | **DATE** | 6/18/2003 |
| **CASE TITLE** | BLUME vs. U.S.A., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the United States' motion to dismiss Crusader Clinic and William Baxter, D.O., with prejudice, is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 19 2003 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6-18-03 | |
| | | 03 JUN 18 PM 1:52 | date mailed notice | |
| /SEC | courtroom deputy's initials | FILED | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On March 17, 2000, plaintiff, Gerald Blume, visited Crusader Clinic complaining of genital warts. Plaintiff was treated by William Baxter. D.O., an employee of Crusader Clinic. Dr. Baxter treated the warts with Trichloroacetic acid. Plaintiff claims that Dr. Baxter should have used acetic acid instead. As a result of the doctor's chosen course of treatment, plaintiff claims that he sustained severe burns and permanent injury to his penis, became sick and disabled, owes large sums of money for hospital care and was kept from attending to his ordinary cares and duties. Plaintiff is proceeding under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). The United States, Crusader Clinic and William Baxter were named as defendants. The United States moved to dismiss Crusader Clinic and Dr. Baxter, pursuant to 28 U.S.C. § 2679(d)(1) since the FTCA provides federal employees immunity for torts committed while acting in the scope of their employment. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

The FTCA was amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988. Ezekiel v. Michel, 66 F.3d 894, 897 n. 5 (7th Cir. 1995). This amendment extended the protection of government employees, authorizing suits against the United States "'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment.'" Id. (quoting 28 U.S.C. § 1346(b)). If it is determined that the employee was acting within the scope of employment, a suit against the United States "'is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.'" Sullivan v. United States, 21 F.3d 198, 200 (7th Cir. 1994) (quoting 28 U.S.C. § 2679 (b)(1)). As a result, a plaintiff is required to proceed against the United States and the claim against the individual employee is extinguished. Id. See also Alexander v. Mount Sinai Medical Center, No. 00 C 2907, 2000 U.S. Dist. LEXIS 11443 (N.D. Ill. 2000) ("The FTCA provides the exclusive remedy for torts committed by a federal employee acting within the scope of employment").

The Attorney General determines whether the federal employee was acting within the scope of employment. 28 U.S.C. § 2679(d)(1). If the Attorney General certifies that the federal employee was acting within the scope of employment, the FTCA provides for the substitution of the United States as defendant. 28 U.S.C. § 2679(d)(1). This certification is reviewable by a federal court. Hamrick v. Franklin, 931 F.2d 1209, 1210 (7th Cir. 1991). However, once the Attorney General certifies that an employee was acting within the scope of his employment, the plaintiff bears the burden of disproving this conclusion. Id. at 1211. The Attorney General's certification addresses only the issue of whether the employee was acting within the scope of employment. Ezekiel at 900. It does not answer "the threshold question of whether the defendant was a federal employee." Id.

"Whether the defendant is a federal employee under the FTCA is a question of federal law." Alexander v. Mount Sinai Medical Center, No. 00 C 2907, 2000 U.S. Dist. LEXIS 11443 (N.D. Ill. 2000). If the defendant is employed by a federally supported health center, the Federally Supported Health Care Assistance Act of 1992 "provides coverage to federally supported health centers, their employees and certain contractors under the FTCA for acts or omissions occurring after January 1, 1993 or when the health center was deemed eligible for coverage, whichever is later." Id. (citing to 42 U.S.C. § 233(g)-(n)). Thus, if an employee of a federally supported health care facility commits a tort while acting within the scope of employment, that employee is protected by the FTCA. See also Cabrera v. Advocate Health and Hospital Corp., No. 00 C 4657, 2000 U.S. Dist LEXIS 16929 (N.D. Ill. 2000) ("The U.S. Department of Health and Human Services . . . deemed [defendant hospital] eligible for FTCA coverage . . . Thus, [defendant hospital], along with its employees and certain contractors, are covered by the FTCA during the time of the alleged incidents").

Plaintiff is proceeding against Crusader Clinic and its employee, Dr. William Baxter. On September 20, 2002, the Attorney General certified that Crusader Clinic was receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233 at all times relevant to Plaintiff's claim. Thus, Crusader Clinic and its employees are protected by the FTCA. The Attorney General also certified that Dr. Baxter was acting within the scope of his employment. Plaintiff does not argue that Dr. Baxter was not acting within the scope of his employment, or that Dr. Baxter was not an employee of the federal government. Consequently, both Crusader Clinic and Dr. Baxter are dismissed, leaving the United States as the sole defendant.

For the foregoing reasons, the United States' motion to dismiss Crusader Clinic and William Baxter, D.O., with prejudice, is granted.